Harold E. Koreman, J.
In this proceeding brought pursuant to CPLR article 78 petitioner seeks an adjudication that *320 the determinations of the respondents Office of Employee Relations and Department of Audit and Control regarding the computation of petitioner’s basic annual salary upon his reinstatement to the position of Correction Officer were arbitrary, capricious and erroneous as a matter of law; declaring that petitioner is entitled to reinstatement to said position as of February 28, 1974 at the "longevity step” of the salary schedule for Corrections Officer; directing that petitioner be paid the difference in the amount of basic annual salary he has been receiving since reinstatement and the amount he was entitled to at the longevity step of the salary schedule in question and directing respondents to adjust petitioner’s basic annual salary to the longevity step of the salary schedule for Correction Officers.
Petitioner commenced service with the Department of Correctional Services as Correction Officer, SG-12, in June, 1956, and continued in that position until October, 1967, when he resigned. Petitioner requested and was granted reinstatement to his position as Correction Officer by the Department of Correctional Services, and was appointed Correction Officer, SG-14, effective February 28, 1974 at an annual salary of $11,323. In response to an inquiry by him regarding the method used in arriving at the basic salary to be paid him upon reinstatement, petitioner was advised by the Department of Audit and Control that "Upon reinstatement, the employee is credited with all salary benefits, granted during his absence, that do not require an employee be an incumbent”. Petitioner was advised further that section 5.4 of the Rules of the Department of Civil Service (4 NYCRR 5.4), under which he was reinstated, does not contain guidelines or instructions in regard to specific reinstatement salaries, and that that area is within the responsibility of the Department of Audit and Control. Thereafter petitioner instituted a contract grievance pursuant to article 7 of the collective agreement between the State of New York and Security Unit employees grieving, among other things, the determination of his basic annual salary upon reinstatement. The grievance which is not subject to binding arbitration, was denied upon review by the respondent Office of Employee Relations.
Petitioner contends that he was entitled to be reinstated to the position of Correction Officer at the "longevity step” or "6th step” of the salary schedule as it existed at the time of his reinstatement establishing his salary at $13,029; that upon *321 reinstatement an employee is deemed to have continuous service and upon such reinstatement he is eligible to receive salary increments as set forth in the salary schedule established for his new position based upon the number of years of service in his new position added to the number of years of service in his former position. Petitioner argues that such credit for prior service is authorized by subdivision 4 of section 131 of the Civil Service Law, pursuant to which he claims to be entitled upon reinstatement to be placed at the increment level corresponding with the number of years of service in his former position, i.e., the first longevity step or sixth step.
The position of Correction Officer was reallocated by action of the Civil Service Commission, between the time of petitioner’s resignation and his reinstatement, first to SG-13, effective September, 1970 and later to SG-14 effective April, 1972. Subdivision 4 of section 131 of the Civil Service Law refers to and has application to reinstatement to "similar grade positions”, and to reinstatement to a position "in the same salary grade”. As a result of reallocation of Correction Officer position, petitioner was not reinstated to a position in the same salary grade, but was reinstated to the same position at a higher salary grade. As appears by letter of May 10, 1974 from the Bureau of Payroll Audit of the Department of Audit and Control, petitioner was accorded the benefit of his earned increments in SG-12 together with negotiated salary increases provided up to and including April 1, 1973. He was also accorded one additional promotional increment at SG-14 level of $423 on the date of his reinstatement bringing his salary to $11,323. The court concludes that a person reinstated following a resignation does not automatically obtain all the benefits of an interim reallocation of that position. The Department of Audit and Control, charged with the responsibility in this area (2 NYCRR 1.1), properly determined that since petitioner was not an incumbent of the reallocated position he could not gain the full benefit of reallocation. (Civil Service Law, § 132, subd 1.) He was, however, given the benefit of his earned increments as they related to SG-12, and his salary so computed falls within the third and fourth increment steps of SG-14.
There being no showing of arbitrariness or error of law in the determination complained of, the petition is dismissed.